UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ALFRED SMITH,

          Plaintiff,

  - against -

DETECTIVE RICHARD WARE, Shield No. 1794
and THE CITY OF NEW YORK,

          Defendants.
------------------------------------------------------------------X

COMPLAINT AND
JURY TRIAL DEMAND

    Plaintiff, ALFRED SMITH, by his attorney, ALAN D. LEVINE, ESQ., complaining of the defendants herein, respectfully alleges as follows:

## JURISDICTION

    1.    This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

    2.    This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the fourth and fourteenth amendments to the Constitution of the United States.

    3.    Jurisdiction is founded upon 28 U.S.C. §§1331, 1343 and 1367.

    4.    Plaintiff, invoking the supplemental jurisdiction of this Court, also seeks compensatory and punitive damages for malicious prosecution.

## VENUE

    5.    Venue is properly alleged in the Southern District of New York in that the acts complained of herein occurred within this District.

## JURY TRIAL DEMAND

    6.    Plaintiff hereby demands a trial by jury of all issues in this action that are so triable.

## **PARTIES**

7. At all times relevant hereto, plaintiff, ALFRED SMITH, was and is a natural person, resident in the County of Kings, City and State of New York.

8. At all times relevant hereto, defendant DETECTIVE RICHARD WARE, Shield No. 1794 (hereinafter "WARE") was and is a natural person, employed as a detective by the Police Department of defendant CITY OF NEW YORK.

9. At all times relevant hereto, defendant CITY OF NEW YORK was and is a municipal corporation, organized and existing pursuant to the laws of the State of New York.

10. The individual defendant is sued in his individual capacity.

11. On or about July 7, 2016, this date being within ninety (90) days after the claims herein sued upon accrued, plaintiff served upon the Comptroller of the City of New York a verified written notice of claim setting forth the time, place, nature and manner in which said claim arose.

12. More than thirty (30) days have elapsed since the aforementioned verified notice of claim was served and the Comptroller has neglected and refused to make payment of said claim.

13. This action is commenced within one year and ninety days from the date the supplemental claim herein accrued.

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST DEFENDANT WARE
## AND THE CITY OF NEW YORK
## (42 U.S.C. §1983)

14. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "13" hereinabove as if more fully set forth at length herein.

15. On or about October 16, 2015, plaintiff was arrested in the County of Queens for a violation of the New York State Vehicle and Traffic Law.

16. On or about October 18, 2015, in Criminal Court of the City of New York, County of Queens, plaintiff pled guilty and was assessed a fine of $150.00.

17. Plaintiff, however, was not permitted to leave the courtroom.

18. Rather, plaintiff was arrested, based upon an I-card that had been issued by defendant WARE in 2011.

19. Two New York City police officers transported plaintiff to the stationhouse of the 33rd Precinct.

20. Plaintiff was transported from the 33rd Precinct to Central Booking in Manhattan and, on or about October 18, 2015, appeared before a judge of the Criminal Court of the City of New York, County of New York.

21. Plaintiff was arraigned on a charge of grand larceny in the third degree, a D felony, which crime defendant WARE alleged, in a complaint, he had committed in July 2011.

22. Plaintiff was released on his own recognizance.

23. Plaintiff was compelled to appear in Criminal Court on the above-referenced charge on approximately six separate occasions.

24. On or about April 11, 2016, the charge against plaintiff was dismissed and sealed on the motion of the District Attorney.

25. Defendant WARE violated plaintiff's right to be arrested and prosecuted only with probable cause, guaranteed to him by the fourth amendment to the Constitution of the United States, in that, acting under color of state law, he, without any probable cause whatsoever, falsely and maliciously caused plaintiff to be prosecuted for a felony offense that he had allegedly committed more than four years prior to his arrest.

26. Because of the aforesaid act committed by defendant WARE, plaintiff suffered a deprivation of his right to be arrested and prosecuted only with probable cause therefor, guaranteed to him by the fourth amendment to the Constitution of the United States, and, as a result, suffered, and continues to suffer, emotional injury and lost time and income from his employment.

27. By reason of the unconstitutional and illegal actions taken against him by defendant WARE, while he was acting under the color of state law, plaintiff has been damaged in an amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendant WARE.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS WARE AND THE CITY OF NEW YORK
(Malicious Prosecution)

28. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "27" hereinabove as if more fully set forth at length herein.

29. On or about October 17, 2015, defendant WARE maliciously caused a criminal prosecution to be commenced against plaintiff by his act of falsely and maliciously having him arrested and charging him with the crime of grand larceny in the third degree, a D felony.

30. Defendant WARE was without probable cause to arrest and charge plaintiff for the aforementioned offense.

31. On or about April 11, 2016, the charge against plaintiff was dismissed on the motion of the District Attorney in Criminal Court of the City of New York, County of New York.

32. At the time that defendant WARE falsely and maliciously caused the aforementioned prosecution to be commenced against plaintiff, he was acting within the scope of his employment by defendant CITY OF NEW YORK.

33. By reason of the prosecution maliciously commenced against plaintiff by defendant WARE, while he was acting within the scope of his employment by defendant CITY OF NEW YORK, plaintiff suffered, and continues to suffer, emotional injury and lost time and income from his employment.

34. As a result of prosecution maliciously commenced against plaintiff by defendant WARE, while he was acting within the scope of his employment by defendant CITY OF NEW YORK, plaintiff has been damaged in an amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendant WARE.

WHEREFORE, plaintiff, ALFRED SMITH, demands judgment against defendants DETECTIVE RICHARD WARE, Shield No. 1894 and THE CITY OF NEW YORK, as follows:

     FIRST CAUSE OF ACTION:    An amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendant WARE; and

     SECOND CAUSE OF ACTION:   An amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendant WARE.

     In addition, plaintiff demands the costs and disbursements of this action, including his attorney's fees, pursuant to 42 U.S.C. §1988.

Dated: Kew Gardens, New York
       July 7, 2017

*/s/ Alan D. Levine*

ALAN D. LEVINE, ESQ.
Attorney for Plaintiff
80-02 Kew Gardens Road, Suite 307
Kew Gardens, New York 11415
(718) 793-6363
Our File No: 2372